**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IRA WARE, JR.,** *pro se,*

    **Plaintiff,**

v.                                                     Case No.  8:12-cv-1981-T-30MAP

**KNIGHTS ENTERPRISE,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Amended Motion to Strike Paper (Doc. #14) Filed by Plaintiff (Dkt. 19) and Defendant's Memorandum of Law (Dkt. 17) in support of said motion.  The Court, having reviewed the motion and being otherwise advised of the premises, concludes that the motion to strike should be denied.

Federal Rule of Civil Procedure 12(f) permits the Court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" Fed. R. Civ. P. 12(f).  It is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law.  *See, e.g., Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, 2011 WL 398047, *1 (M.D. Fla. 2011).  "A court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship

to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

From what this Court can decipher from the amended complaint, Plaintiff alleges claims for employment discrimination and retaliation, fraud, and extortion. (Dkt. 5). On November 14, 2012, Defendant filed a motion to dismiss the amended complaint. On November 28, 2012, Plaintiff filed Docket #14, the entirety of which states:

> I, Ira Ware Jr.; have asked Knights Enterprise and their attorney many times for the records of every piece of equipment they've charged me for while I was working for them, and to send the courts all records of every piece of equipment that was charged to each individual installer while I was there to show the court the wide spread pattern of fraud and extortion which led to the retaliation against me but for some reason they've chosen to ignore my request.

(Dkt. 14). Defendant seeks to strike the above filing.

This motion to strike is unusual in that the paper filing found at Docket #14 is not a complaint, answer, or motion. Neither is it proper discovery, such as a declaration of any party or witness because it fails to include a notarized signature. Indeed, discovery would be premature at this juncture because there has not been a case management conference or report. *See* Local Rule 3.05; *Sanborn v. Jagen Pty. Ltd.*, 2010 WL 1730756, *3 (M.D. Fla. Apr. 28, 2010) (stating that "no discovery should be conducted prior to the parties' case management meeting"). Although it does not appear to be a responsive pleading, it arguably could be interpreted as a response to the pending motion to dismiss (Dkt. 12).[1] As motions

---

[1] The Court entered an Order to Show Cause (Dkt. 15) on December 4, 2012, for Plaintiff's failure to respond to Defendant's motion to dismiss.

to strike are highly disfavored and the paper filing contains no scandalous matter causing prejudice to the Defendant, the motion to strike is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Amended Motion to Strike Paper (Doc. #14) Filed by Plaintiff (Dkt. 19) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on December 13, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-1981.strikepaper.frm