UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IRA WARE, JR.,** *pro se,*

    **Plaintiff,**

v.                                                       Case No.  8:12-cv-1981-T-30MAP

**KNIGHT ENTERPRISE,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Amended Complaint (Dkt. 32), Defendant's Memorandum of Law (Dkt. 33), and Plaintiff's Memorandum of Law (Dkt. 34). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes the motion to dismiss should be granted.

On August 31, 2012, Plaintiff Ira Ware, Jr., initiated this action against Defendant Knight Enterprise. When Ware moved for leave to proceed *in forma pauperis*, Magistrate Judge Mark A. Pizzo dismissed the complaint without prejudice for failure to state a claim upon which relief can be granted. *See* Dkt. 4. Ware, who is proceeding *pro se*, filed an amended complaint on September 27, 2012, in which he appeared to allege racial discrimination in violation of Title VII of the Civil Rights Act of 1964. The Court granted Knight's motion to dismiss on the basis that Title VII only protects employees, not independent contractors and permitted Ware to file second amended complaint.

Ware filed his second amended complaint on January 22, 2013, alleging breach of contract by Knight. Knight moves to dismiss the breach of contract claim based on a lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Court agrees that it lacks subject-matter jurisdiction; therefore, the case must be dismissed.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Ware fails to state any jurisdictional allegations in his amended complaint and his second amended complaint is due to be dismissed on this basis alone.

Even disregarding the fact that Ware failed to allege jurisdiction, it is clear that the allegations regarding the breach of contract claim cannot support either federal-question or diversity jurisdiction. A breach of contract claim would normally be raised under state common law, thus diversity jurisdiction would be the only avenue to support subject-matter jurisdiction in federal court. However, Ware does not allege that the matter in controversy exceeds the sum or value of $75,000 or that the parties are diverse. 28 U.S.C. § 1332. Moreover, it is clear that the parties are not diverse. Based on previous pleadings, the record indicates that Ware is a resident of Polk County, Florida, and Knight is a citizen of Florida with its principal place of business in Pinellas County, Florida. As such, Ware's second amended complaint fails to adequately allege an amount in controversy or diversity of citizenship to support diversity jurisdiction.

Accordingly, the Court grants Knight's motion to dismiss for lack of subject-matter jurisdiction.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Amended Complaint (Dkt. 32) is GRANTED.

2. This case is dismissed with prejudice.

3. The Clerk is directed to CLOSE this case.

**DONE** and **ORDERED** in Tampa, Florida on February 22, 2013.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-1981.dismissprejudice.frm