UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRA WARE, JR.,

        Plaintiff,

v.                                 CASE NO. 8:12-cv-01981-T-30MAP

KNIGHTS ENTERPRISE,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

      Before the Court is Plaintiff's Motion to Proceed on Appeal *in Forma Pauperis* (doc. 37).  On April 16, 2013, Plaintiff filed a Notice of Appeal, challenging the Court's dismissal of his complaint (doc. 39).

      Plaintiff has no absolute right to appeal *in forma pauperis.* To the contrary, his ability to appeal without prepayment of fees and costs is conditioned by 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.; see also Busch v. County of Volusia,* 189 F.R.D. 687, 691 (M.D. Fla. 1999).  An appeal that is plainly frivolous is not taken in good faith. *See United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997). *See generally Napier v. Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001) (same); *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (case is frivolous for IFP purposes if, at any stage of the proceedings, it appears the

plaintiff "has little or no chance of success").

For the same reasons cited by the district judge in the order dismissing the Plaintiff's complaint (doc. 35), I find Plaintiff has failed to identify any basis for appeal or for concluding that the Court's order dismissing the complaint was in error. In particular, the district judge found Plaintiff had failed to allege the grounds for this Court's jurisdiction, and it was clear that even if Plaintiff had included allegations for the Court's jurisdiction, Plaintiff's breach of contract claims could not support either federal question or diversity jurisdiction. I also note that Plaintiff has failed to comply with the requirements to proceed on appeal in *forma pauperis*. Although Plaintiff has filed an affidavit with his motion to proceed *in forma pauperis*, Plaintiff's affidavit does not comply with the requirements of Fed. R. App. P. 24(a)(1), which requires Plaintiff to "show[] in detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs."[1] Such affidavit shall also state Plaintiff's "claims and entitlement to redress; and state[] the issues that the [Plaintiff] intends to present on appeal." *Id.* Plaintiff's affidavit fails to include such statements. Accordingly, this Court concludes that the instant appeal is not taken in good faith, that it is plainly frivolous, and that Plaintiff has little or no chance of success. He is therefore ineligible for *in forma pauperis* status pursuant to 28 U.S.C. §

---

[1] This form can be found on the Eleventh Circuit Court of Appeals website at http://www.ca11.uscourts.gov/documents/pdfs/form4.pdf.

2

1915(a)(3).  It is therefore

RECOMMENDED:

1.   that Plaintiff's Motion to Proceed on Appeal *in Forma Pauperis* (doc. 37) be

**DENIED**.

IT IS SO REPORTED at Tampa, Florida on May 3, 2013.


MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE




**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations

contained in this report within fourteen (14) days from the date of its service shall bar an

aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

cc:     The Honorable James S. Moody
        Counsel of Record